```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

TOTAL MARKETING TECHNOLOGIES,
INC. d/b/a AIR AMBULANCE
NETWORK,

        Plaintiff,
v.                          Case No.  8:10-cv-2680-T-33TBM

ANGEL MEDFLIGHT WORLDWIDE AIR
AMBULANCE SERVICES, LLC, and
ANGEL JET SERVICES, LLC,

        Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to the Motion to Dismiss Counts I, II and IV of Counterclaim and Third-Party Complaint, or in the alternative, Motion for More Definite Statement (Doc. # 28), filed on September 6, 2011, by Counterclaim-Defendant Total Marketing Technologies, Inc. d/b/a/ Air Ambulance Network ("Air Ambulance") and Third-Party Defendant Terri Peat. Counterclaim-Plaintiff/Third-Party Plaintiff Angel Jet Services filed a response in opposition on September 30, 2011 (Doc. # 32). For the reasons that follow, the Court grants the Motion in part and denies it in part.

**I.  Background**

Air Ambulance filed suit against Angel Medflight on December 1, 2010, alleging breach of oral contract (Count I) and quantum meruit (Count II) with regard to Angel Medflight's

handling of insurance reimbursement applications on Air Ambulance's behalf. Air Ambulance alleges that Angel Medflight failed to remit to Air Ambulance 50% of certain insurance reimbursements Angel Medflight received as required by the parties' oral contract. Angel Jet Services filed its Answer and Affirmative Defenses on January 17, 2011 (Doc. # 6), noting that Air Ambulance improperly named Angel Medflight as Defendant.

On August 1, 2011, Air Ambulance moved this court for leave to file an Amended Complaint and to add Angel Jet Services as a Defendant (Doc. # 18). Air Ambulance averred that Angel Medflight holds no assets and is used by Angel Jet Services as a d/b/a but sought to add Angel Jet rather than substitute parties due to uncertainty as to the corporate structure.[1] (Id. at ¶ 3). The Court granted that motion on August 2, 2011 (Doc. # 20), and Air Ambulance filed its Amended Complaint on August 9, 2011 (Doc. # 23).

Also on August 1, 2011, Angel Jet filed a Motion for Leave to File Counterclaim and Third Party Complaint (Doc. # 19). Angel Jet stated that it had discovered information giving rise to claims against Air Ambulance and Terri Peat that arise from the same or similar facts and circumstances as

---

[1] The Court will refer to Angel Medflight/Angel Jet Services simply as Angel Jet.

the original Complaint. (Id. at ¶ 3). The Court granted that motion on August 2, 2011 (Doc. # 21), and Angel Jet filed its Counterclaim and Third Party Complaint (Doc. # 25) on August 10, 2011.

Angel Jet asserts four counts: tortious interference with prospective business relationships against Air Ambulance and Peat (Count I), conversion against Peat and Air Ambulance (Count II), breach of duty of loyalty against Peat (Count III), and copyright infringement against Air Ambulance (Count IV). Air Ambulance and Peat move to dismiss Counts I, II and IV of the Counterclaim and Third-Party Complaint or, in the alternative, for a more definite statement (Doc. # 28).[2]

## II. Legal Standard

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005). On a motion to dismiss, this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counter-claimant. Jackson v.

---

[2] In their Motion to Dismiss, Air Ambulance and Peat note that Count III is directed only to Peat, and state that Peat "will file a separate Answer and Affirmative Defenses to Count III." (Doc. 28 at 2, n. 1). No such Answer and Affirmative Defenses has been filed as of this date.

Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the counter-claimant with all reasonable inferences from the allegations in the counterclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the counterclaim] and all reasonable inferences therefrom are taken as true.").

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Air Ambulance and Peat move, in the alternative, for a more definite statement. Where a complaint fails to sufficiently specify the allegations, the defendant's remedy

is to move for a more definite statement under Federal Rule of Civil Procedure 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." However, motions for more definite statement are generally disfavored by federal courts. <u>Palma Vista Condo. Assoc. of Hillsborough Co., Inc. v. Nationwide Mut. Fire Ins. Co.</u>, No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010).

**III. <u>Analysis</u>**

    **A.**    **<u>Tortious Interference</u>**

In Count I of the Counterclaim and Third-Party Complaint, Angel Jet alleges that Peat, during her last days of employment with Angel Jet, diverted calls from Angel Jet's existing and prospective customers to Air Ambulance. (Doc. # 25 at ¶ 16). Angel Jet asserts that Air Ambulance was aware of these prospective business relationships, and that such relationships were likely to provide economic benefit to Angel Jet had Air Ambulance and Peat not interfered. (<u>Id.</u> at ¶¶ 28-29). Angel Jet alleges that Air Ambulance and Peat "worked in

concert" to divert these existing and prospective customers to Air Ambulance's benefit. (Id. at ¶¶ 30-32).

"Tortious interference with a business relationship requires a plaintiff to allege (1) the existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship, and (4) damage to the plaintiff as a result of the relationship." Cherry v. D.B. Zwirn Special Opportunities Fund, No. 8:-09-cv-33-T-33EAJ, 2010 WL 415313, at *8 (M.D. Fla. Jan. 27, 2010). The elements of tortious interference with a prospective business relationship are nearly the same, except that the plaintiff must allege facts supporting prospective legal or contractual rights. Id.

Air Ambulance and Peat assert that Count I must be dismissed because Angel Jet does not identify the existing or prospective customers whose calls were allegedly diverted, or sufficiently allege that these were relationships under which Angel Jet had prospective legal or contractual rights. (Doc. # 28 at 3). Furthermore, Air Ambulance and Peat argue that Angel Jet's allegations do not demonstrate that Air Ambulance intentionally or unjustifiably interfered with these prospective business relationships. (Id. at 4).

6

"The Florida Supreme Court has stated that 'in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with *identifiable customers*.'" E-Z Pack Mfg., LLC v. RDK Truck Sales & Servs., Inc., No. 8:10-cv-1870-T-27AEP, 2011 WL 4343790, at *8 (M.D. Fla. Aug. 10, 2011) (quoting Ferguson Transp., Inc. v. N. Am. Van Lines, Inc., 687 So.2d 821, 821 (Fla. 1996)) (emphasis added). In order to survive a motion to dismiss, a plaintiff must therefore allege a business relationship with "identifiable customers" versus the "community at large." Id. at *9. "The Eleventh Circuit has stated that '[a] business relationship need not be evidenced by a contract, but it generally requires an understanding between the parties that would have been completed had the defendant not interfered." Id. at *10 (quoting Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001)).

Angel Jet alleges that Peat diverted to Air Ambulance calls from customers or prospective customers coming to Angel Jet. Accepting these allegations as true, it is plausible that these customers or prospective customers may be identifiable through discovery. It is also plausible that these identifiable customers called Angel Jet with some degree of

7

intent to establish a business relationship. Furthermore, Angel Jet's allegation that Air Ambulance worked in concert with Peat and benefitted from the diverted calls is sufficient, at this stage of the proceedings, to show intentional and unjustifiable interference with these prospective relationships. The Court therefore finds that Angel Jet has alleged facts sufficiently plausible to withstand a motion to dismiss as to Count I.

### B. Conversion

Count II of the Counterclaim and Third-Party Complaint asserts a claim for conversion of confidential business information. (Doc. # 25 at ¶ 36). Angel Jet alleges that Air Ambulance received, through Peat, confidential business information in the form of the diverted calls and certain business forms. (Id. at ¶ 37). Angel Jet asserts that Air Ambulance and Peat had no right to such confidential business information. (Id. at ¶¶ 38-39).

"Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein," and is appropriate "even if the specific property 'converted' has no actual value." Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993) (internal quotations and citations omitted). Air Ambulance and Peat acknowledge that a

8

claim for conversion may extend to the wrongful taking of intangible business interests. In re Corbin's Estate, 391 So.2d 731, 732 (Fla. 3d DCA 1980). However, they contend that Angel Jet must demonstrate that it had a property interest in the alleged converted property. (Doc. # 28 at 5). Air Ambulance argues that because Angel Jet has "failed to identify any of the alleged business relationships or forms, it is impossible to determine whether [Angel Jet] has any property rights" in them. (Id.)

The Court finds that Angel Jet has alleged facts sufficient to establish the elements of conversion as to the diverted phone calls. In Warshall, the court found that a doctor's use of another doctor's patient list for the purpose of soliciting those patients constituted conversion. 629 So.2d at 904. This Court sees scant distinction between diverting phone calls and improperly using a customer list. Furthermore, as noted above, Angel Jet need not identify the specific customers involved at this stage of the proceedings.

As to the forms, Air Ambulance argues that the alleged copying does not constitute conversion. (Doc. # 28 at 5). Air Ambulance notes that copyright infringement cannot form the basis for a conversion claim because it does not deprive the

9

plaintiff of his property. <u>Santilli v. Cardone</u>, No. 8:07-cv-308-T-23MSS, 2008 WL 2790242, at *5 (M.D. Fla. July 18, 2008).

However, the <u>Santilli</u> court dismissed the plaintiff's conversion claim specifically because copyright infringement served as its basis. <u>Id.</u> ("Using copyright infringement as the basis of his conversion claim, the plaintiff fails to state a claim for relief.") The <u>Warshall</u> court, in contrast, found that the defendant's use of the plaintiff's confidential patient list denied the plaintiff the benefit of his property although he still had access to it. 629 So.2d at 905. "It is not necessary for a person to deprive another of *exclusive possession* of their property in order to be liable for conversion." <u>Id.</u> at 904 (emphasis in original). Here, Angel Jet bases its conversion claim on the confidentiality of its business information rather than copyright protection. The Court finds that Angel Jet has alleged facts sufficient to sustain a plausible claim for relief at this stage of the proceedings.

    **C.**    **Copyright Infringement**

Count IV asserts a claim for copyright infringement against Air Ambulance. (Doc. # 25 at ¶¶ 46-50). Angel Jet alleges that Peat obtained "protected, confidential information, including but not limited to, Angel Jet's forms"

and provided those forms to Air Ambulance. (Id. at ¶ 48). Air Ambulance has been using those forms without Angel Jet's permission, consent or license. (Id. at ¶ 49).

Air Ambulance argues that Angel Jet fails to identify the forms in question, making it impossible to know whether such forms are subject to copyright protection. (Doc. # 28 at 6). Air Ambulance further notes that Angel Jet does not purport to bring its claim pursuant to 17 U.S.C. § 101 *et seq.* (Id.). With certain exceptions, federal law preempts common law copyright claims. 17 U.S.C. § 301.

Air Ambulance further asserts that Angel Jet has failed to allege that it has a valid copyright, or that Air Ambulance copied the forms in question. (Doc. # 28 at 6). "To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Baby Buddies, Inc. v. Toys R Us, Inc., 611 F.3d 1308, 1315 (11th Cir. 2010) (internal quotations and citations omitted).

Angel Jet alleges in its Counterclaim that the forms are subject to copyright protection. (Doc. # 25 at ¶¶ 21, 47). But in its response to the Motion to Dismiss, Angel Jet states in the alternative that "it is anticipated that those forms will be specifically subject to copyright protection by the time

this Court must rule on the merits of the issues." (Doc. # 32 at 6). Angel Jet argues that although it did not specifically assert its claims under Title 17, it has alleged all elements necessary to sustain a copyright claim, and that Air Ambulance will learn the nature of the protected forms during discovery. (Id.).

The Copyright Act requires copyright holders to register their works before suing for copyright infringement, subject to certain exceptions. 17 U.S.C. § 411(a). As Angel Jet points out, the Supreme Court has held that "§ 411(a) does not restrict a federal court's subject-matter jurisdiction." Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1249 (2010). However, the Court "decline[d] to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." Id.

The facts of this case call for dismissal of Angel Jet's copyright claim. Although Angel Jet's Counterclaim states that the forms are protected by copyright, Angel Jet offers no facts in support of that assertion. Furthermore, "[i]t is well-established that blank forms which do not convey information or contain original pictorial expression are not

12

copyrightable." <u>Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.</u>, 596 F.3d 1313, 1320 (11th Cir. 2010) (internal quotations and citations omitted). Given those two factors, the Court questions the viability of Angel Jet's copyright claim. The Court therefore grants the Motion to Dismiss as to Count IV.

**D.   Motion for More Definite Statement**

Air Ambulance and Peat move, in the alternative, for a more definite statement of the claims in Counts I, II and IV. They assert that because Angel Jet has not identified the specific customers and forms at issue, they cannot reasonably respond or present defenses. (Doc. # 28 at 8).

However, "[a] pleading that satisfies the notice pleading standards of Rule 8 is . . . sufficient to withstand a Rule 12(e) motion." <u>Palma Vista Condo. Assoc.</u>, 2010 WL 2293265 at *1. "Moreover, the discovery process will afford [the defendants] the opportunity to explore further the factual basis of Plaintiff's claim and to narrow the issues." <u>Id.</u> at *2.

Based upon the foregoing analysis, the Court finds that Counts I, II and IV of the Counterclaim and Third-Party Complaint are not so vague or ambiguous as to require amendment. Discovery is the appropriate means to ascertain the

specific customers and forms at issue. The Court therefore denies the alternative Motion for More Definite Statement.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Counterclaim-Defendant/Third-Party Defendant's Motion to Dismiss Counts I, II and IV of Counterclaim and Third-Party Complaint, or in the alternative, Motion for More Definite Statement (Doc. # 28) is **GRANTED IN PART and DENIED IN PART**.

(2) Count IV of the Counterclaim and Third-Party Complaint is dismissed without prejudice with leave to amend. The Motion is otherwise denied.

(3) Angel Jet may file an Amended Counterclaim and Third-Party Complaint within fourteen days of the date of this Order. If Angel Jet fails to do so, this action will proceed solely on the well-pled claims in the Counterclaim and Third-Party Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of January, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record