**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TOTAL MARKETING
TECHNOLOGIES, INC. d/b/a
AIR AMBULANCE NETWORK,

    **Plaintiff,**

v.                              Case No. 8:10-cv-2680-T-33TBM

ANGEL MEDFLIGHT
WORLDWIDE AIR AMBULANCE
SERVICES, LLC, et al.,

    **Defendants.**
_____/

## O R D E R

THIS MATTER is before the court on Plaintiff Total Marketing Technologies' **Motion to Determine Whether There Has Been a Breach of Attorney-Client Privilege and Motion to Potentially Disqualify Counsel** (Doc. 58), Defendant/Counterclaim-Plaintiff/ Third Party Plaintiff, Angel Jet Services, LLC's response in opposition (Doc. 64), and Plaintiff's reply (Doc. 72).[1] By its motion, Plaintiff seeks a determination by this Court as to the extent to which Angel Medflight and/or Angel Jet Services has obtained Plaintiff's privileged information. And to the extent that obtaining such privileged information gives Defendants an informational advantage in the case, Plaintiff requests an order disqualifying GrayRobinson, P.A. and Angel Jet's in-house counsel from continuing to represent Angel Medflight and Angel Jet Services in the instant matter. By its response, Angel Jet urges the motion be denied as the attorney-client privilege would be waived for those communications

---

[1]The matter has been referred to the undersigned for disposition. *See* (Doc. 73).

between Plaintiff and its counsel that were made in the presence of a third party, Michael Peat,[2] and further that counsel should not be disqualified because they have not gained an unfair advantage from any information received from Mr. Peat. (Doc. 64).[3]

Plaintiff replies that Mr. Peat's presence at attorney meetings was in furtherance of the rendition of legal services, and therefore the privilege would not be waived. Plaintiff refutes Angel Jet's argument as to whether Mr. Peat is an "agent" of the corporation, stating that the existence of an agency relationship is not required in order for the privilege to apply where third parties are present in furtherance of the rendition of legal services. (Doc. 72).

As an initial matter, I note that Plaintiff is correct that Mr. Peat need not be an "agent" of Plaintiff in order for the attorney-client privilege to be invoked. Under Florida law, disclosure to third parties of attorney-client privileged communications will not waive the applicability of the privilege if a party can establish that the disclosure was made (1) in furtherance of the rendition of legal services to the client, or (2) if reasonably necessary for the transmission of the communication. *See Fla. Stat.* § 90.502(c). It appears undisputed that the second factor does not apply. However, the parties sharply dispute whether Peat's presence at meetings between Plaintiff and counsel was in furtherance of the rendition of legal services. According to Plaintiff, Mr. Peat was a consultant for Plaintiff at the time and attended the meetings with Mr. Pacheco to provide additional factual information to counsel relevant to

---

[2] According to the pleadings, Michael Peat was a former Air Ambulance consultant and is the ex-husband of third party defendant, Terri Peat.

[3] Additionally, Angel Jet filed under seal an affidavit of its corporate counsel, Lisa J. Counters, Esquire, which sets out the information she learned from Mr. Peat from his presence at meetings between Mr. Pacheco (Plaintiff's president/CEO) and attorneys.

2

Plaintiff's claims, thereby making his presence "in furtherance of the rendition of legal services to the client" and the communications, therefore, protected. To the contrary, Angel Jet argues that Mr. Pacheco testified that Mr. Peat was at the meeting as a friend for support, thereby waiving any attorney-client privilege that would normally attach to such communications between client and counsel.

A review of Mr. Pacheco's deposition reveals that Mr. Peat was not an employee or an agent of Plaintiff, but that he was providing marketing consulting services to Plaintiff during this time frame. (Doc. 58-2 at 12, 49-51). Of significance, Mr. Pacheco unequivocally testified that Mr. Peat was his friend at the time Pacheco was meeting with other attorneys and that Mr. Peat attended those meetings "in a supportive role." *Id.* at 11. By Mr. Pacheco's testimony, Mr. Peat was at the meetings in a "[s]upportive role as a friend, and also supporting what [he] was talking to a lawyer about." *Id.* at 12.

"[T]he burden of establishing the existence of an attorney-client privilege rests on the party claiming it." *So. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (1994) (citing *Fisher v. United States*, 425 U.S. 391 (1976)). "The confidentiality of a conversation is dependent upon 'whether the person invoking the privilege knew or should have known that the privileged conversation was being overheard.'" *Black v. State*, 920 So. 2d 668, 670 (Fla. Dist. Ct. App. 2006) (quoting *Mobley v. State*, 409 So. 2d 1031, 1038 (Fla. 1982)). Mr. Pacheco's testimony establishes that he knew that the privileged conversations were being overheard by Mr. Peat, and further that Mr. Peat's purpose in being present at the meetings was in a supporting role as a friend. In light of this testimony, I am obliged to conclude that

the attorney-client privilege as to these communications was waived because of Mr. Peat's presence, as a third party, during those communications and neither exception would apply to obviate waiver of the privilege.

Because I conclude there has been a waiver of the privilege, the court need not address Plaintiff's second argument regarding disqualification other than to state that such is an extraordinary remedy and appropriate in only limited circumstances. *See Cunningham v. Appel*, 831 So. 2d 214, 215 (Fla. Dist. Ct. App. 2002) ("disqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly"). In any event, based upon the court's review of the affidavit of attorney Counters, it appears that no privileged information was revealed in the communications such that counsel has obtained an informational advantage to justify disqualification. *See id.* at 216. Thus, on the basis of the matters presented, I find no need for further inquiry by the court.

Accordingly, Plaintiff Total Marketing Technologies' Motion to Determine Whether There Has Been a Breach of Attorney-Client Privilege and Motion to Potentially Disqualify Counsel (Doc. 58) is **denied**.

**Done and Ordered** in Tampa, Florida, this 22nd day of June 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4