UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOTAL MARKETING
TECHNOLOGIES, INC. d/b/a
AIR AMBULANCE NETWORK,

  Plaintiff,     CASE NO.8:10-cv-2680-T-33TBM
v.

ANGEL MEDFLIGHT
WORLDWIDE AIR AMBULANCE
SERVICES, LLC, and
ANGEL JET SERVICES, LLC,

  Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Angel Jet Services's Motion for Relief from the Confidentiality Agreement of Timothy South (Doc. # 98), which was filed on August 2, 2012. Plaintiff, Total Marketing Technologies, Inc., filed its Response in Opposition to the Motion (Doc. # 114) on August 16, 2012. For the reasons that follow, the Motion is denied.

**I. Background**

Timothy South, not a party to this action, was previously employed by Plaintiff. During the course of his employment, South initiated a lawsuit against Plaintiff for violation of the Fair Labor Standards Act (FLSA). The parties reached a settlement in the FLSA action and, as a condition to settlement,

South signed a confidentiality agreement. Without waiving the agreement's confidentiality provisions, Plaintiff produced a copy of the relevant agreement for this Court's in camera review.

In the present action, Defendant seeks testimony from South corroborating Defendant's theory "that Terri Peat diverted [Defendant]'s prospective patients to [Plaintiff] with [Plaintiff]'s knowledge." (Doc. # 98 at 2). Allegedly apprehensive of breaching the confidentiality provisions of his settlement agreement, South has refused to discuss with Defendant any matter relating to his former employment by Plaintiff. Consequently, Defendant has requested this Court to grant relief from the confidentiality agreement "for the limited purpose of allowing [Defendant] to discuss with South his unrelated potential testimony at trial . . . ." (Doc. # 98 at 5-6).

## II. Discussion

The Court acknowledges (1) that, "[d]espite the salutary purposes of preserving confidentiality to encourage settlements, under appropriate circumstances courts have the authority to encroach upon such agreements," and (2) that, "[c]iting public policy concerns, a number of courts have held that such confidentiality provisions will not be utilized as a shield to

obstruct the discovery process." <u>Grutter v. E.I. DuPont de Nemours & Co.</u>, No. 95-2152-CIV-GOLD, 2001 WL 36086590, at *1 (S.D. Fla. Jan. 31, 2001) (internal citations omitted). Defendant asserts, however, that the content of the confidential settlement agreement "is completely dissimilar to the issues raised in this action" and expresses "no intention of questioning South as to any issues, claims, or allegations raised or settled" in the agreement (Doc. # 98 at 5). As the following discussion reveals, this assertion is not helpful to Defendant's cause.

In support of its Motion, Defendant relies almost exclusively on <u>Consejo de Defensa del Estado de la Republica de Chile v. Espirito Santo Bank</u>, No. 09-20613-CIV-GRAHAM, 2010 WL 2712093 (S.D. Fla. July 7, 2010), to support the position that "the Court has the ability to lift a confidentiality agreement if the information sought is relevant and necessary to the action and the opposing party does not establish good cause why the information should remain confidential." (Doc. # 98 at 3). However, unlike the plaintiff's motion for relief from the court's confidentiality order in <u>Espirito Santo</u>, Defendant in the present case seeks relief from an unrelated, private confidentiality agreement.

Additionally, the fact that the subject matter of the

3

agreement is irrelevant to the instant case bolsters the Court's reluctance to disturb the private settlement agreement. The Court does not take lightly Defendant's concern that a party "should not be able to buy the silence of witnesses with a settlement agreement when the facts of one controversy are relevant to another," Wendt v. Walden Univ., Inc., No. CIV. 4-95-467, 1996 WL 84668, at *2 (D. Minn. Jan. 16, 1996). However, Defendant's own argument undermines the applicability of this public policy consideration to the present case; the facts of South's FLSA action against Plaintiff are wholly unrelated to the case at issue, and the Court finds it unlikely that Plaintiff crafted the FLSA settlement agreement with the aim of obstructing discovery in the present action.

Furthermore, as noted by Plaintiff, "[t]he settlement agreement contains confidentiality provisions, although it does not preclude Mr. South from complying with a valid subpoena." (Doc. # 114 at 2). However, since Defendant apparently has subpoenaed South only as a witness for trial (Doc. # 98 at 2), the prospect of South's compliance with the subpoena is peripheral to Defendant's motivation in moving for relief from the confidentiality agreement. That is, rather than seeking compliance with a subpoena, Defendant desires to "speak with South regarding his exact knowledge of the claims at issue, and

4

. . . to question him regarding the extent of his proposed testimony." (Doc. # 98 at 2). The Court will not award Defendant this convenience at the expense of invalidating certain provisions of an unrelated settlement agreement between two private parties.

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant's Motion for Relief from the Confidentiality Agreement of Timothy South (Doc. # 98) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of August, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record